UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELVIN E. WILLIAMS<br><br>                    Plaintiff<br><br>-against-<br><br>ALLSTATE INSURANCE COMPANY,<br><br>                    Defendant. | CIVIL ACTION NO.:<br><br>COMPLAINT |

## CIVIL ACTION COMPLAINT

Plaintiff, Kelvin E. Williams, by and through its attorneys, file this Civil Action Complaint against Defendant, ALLSTATE INSURANCE COMPANY (hereinafter "Defendant"), and state as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against its insurance carrier ALLSTATE INSURANCE COMPANY, for benefits owed under their policy, which have not been fully paid, as a result of Superstorm Sandy.

2. Plaintiff Kelvin E. Williams purchased a homeowner's insurance policy from Defendant, and it consequently issued Policy No. 00391636005/14 to the Plaintiff (the "Policy") for a property owned by the Plaintiffs located at 747 Crown Street, Brooklyn, NY 11213 (the "Property").

3. On or about May 2, 2014, a retaining wall collapsed causing widespread damage to the Property.

4. The retaining wall collapse resulted in substantial damage to the Property.

5. Following said collapse, Plaintiff properly and promptly submitted insurance claim to Defendant for losses and damages to the Property caused by collapse.

6. Plaintiff asked that Defendant cover the loss to the Property as a result of the collapse damage pursuant to the policy.

7. Defendant failed to fully pay the damages due and owing under the insurance policy.

## JURY TRIAL DEMAND

8. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

9. Plaintiff, Kelvin E. Williams (hereinafter "Plaintiff"), at all times material hereto, is a resident under the laws of the state of New York with their principal place of residence located at 1338 Carroll Street, Brooklyn, New York 11213.

10. At all times material hereto, Defendant is a corporation and insurance company authorized to do business in the State of New York.

11. The state of incorporation of the Defendant, ALLSTATE INSURANCE COMPANY, is Illinois.

12. The principal place of business of ALLSTATE INSURANCE COMPANY is 2775 Sanders Rd., Northbrook, Illinois 60062.

## JURISDICTION

13. This court has Jurisdiction over this action on the basis of diversity of citizenship of the parties under 28 U.S.C. §1441(b) as none of the parties in interest properly joined and served as defendant(s) are a citizen of the State in which such action is brought.

14. Plaintiff seeks damages in excess of $75,000, exclusive of interests and costs, in this matter.

15. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1332 because there is complete diversity in the matter and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

16. The Court also has personal jurisdiction over Defendant because Defendant issued or subscribed an insurance contract covering commercial property and risks located in New York State and this suit arises out of those insurance contracts and concerns New York property and risks; at all relevant times, Defendant has been licensed to transact insurance business in New York and/or has in fact transacted such business in New York; Defendant has maintained a substantial presence in New York and/or Defendant contractually consented to the jurisdiction of this Court.

## VENUE

17. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district, and the property that is the subject of this action is situated in this judicial district.

## COUNT ONE – BREACH OF CONTRACT

18. Plaintiff, at all relevant times, has been the owner of the property located at 747 Crown Street, Brooklyn, NY 11213.

19. Defendant at all times herein mentioned, was and still is a Corporation created under the laws of the State of Illinois and licensed to do business in the State of New York.

20. Defendant issued a commercial policy of insurance to Plaintiff, underwritten by Defendant under Policy 00391636005/14. This policy insured the property owned by Plaintiffs and located at 747 Crown Street, Brooklyn, NY 11213.

21. Said policy was sold by Defendant to the Plaintiff, all premiums on the Policy were paid; and the Policy was in full force and effect at all relevant times herein.

22. On or about May 2, 2014, a retaining wall collapsed causing widespread damage to the Property (the "Loss").

23. Following the Loss, Plaintiff properly and promptly submitted a claim to Defendant for losses and damages to the property caused by collapse.

24. Plaintiff asked that Defendant cover the Loss to the Property as a result of sustained damage pursuant to the policy.

25. Defendant assigned claim number 0325043792BAL.

26. Defendant assigned an adjuster to inspect the Plaintiff's Property.

27. On May 12, 2014, Defendant issued a written denial of Plaintiff's claim.

28. To date, Defendant has issued no payment in conjunction with Plaintiff's claim.

29. Plaintiff has complied with all policy provisions and has cooperated fully with the investigation of this claim.

30. Defendant, by and through its agents and adjusters has breached the terms of the Policy by failing to pay all amounts due to the Plaintiffs pursuant to the terms of the Policy, in that Defendant did not adequately investigate the entire scope of damages and did not properly determine the correct value of the damages.

31. Plaintiff provided Defendant with all information necessary to properly evaluate the claim and pay adequate benefits to the insured.

32. Defendant disregarded the information provided by the Plaintiff and continued to rely on the incorrect and flawed opinions of its adjusters and engineers as a basis to deny the claim.

33. Because Defendant and/or its agents underpaid Plaintiff on Plaintiff's insurance claim, Plaintiff has not been able to properly and completely repair the damages to its Property. This has caused additional, further damage to Plaintiff.

34. Defendant and/or its agents, failed to properly adjust the claims and Defendant has denied the claim without an adequate investigation, even though the Policy provided coverage for property damage losses such as those suffered by Plaintiff.

35. These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

36. To date, Plaintiff has not been paid for the covered damage sustained to its Property.

37. Despite Plaintiff's compliance with all policy provisions, Defendant refuses to fairly adjust the claims for damage.

38. All conditions precedent to recovery have been performed, waived or have occurred.

39. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay sufficient amounts under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery under the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

40. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

41. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.

42. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

43. Defendant refused to fully compensate Plaintiff, without first causing Plaintiff to institute legal action and/or the threat of legal action against it.

44. Defendant failed to meet its obligations under the New York Insurance Code regarding initiating a reasonable investigation of Plaintiff's claim, paying all monies owed without forcing Plaintiff to commence legal proceedings and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.

45. Defendant failed to meet its obligations under the New York Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not yet received any payment for its claim.

46. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.

47. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing Plaintiff with respect to these causes of action.

48. As a result of this breach of contract, Plaintiff has suffered damages by failing to have the funds needed to repair the Property and further damages described herein.

49. Further as a result of Defendant's breaches of its obligations under the Policy by its deliberate, negligent and, unreasonable delay in paying Plaintiff claims, failure to properly investigate the loss, refusal to properly compensate the Plaintiff for the fair value of the claim, misrepresentation of the scope of the damages and improper denial of the claim, Plaintiff has suffered consequential damages arising from its inability to repair the damages it incurred during the Loss.

50. Accordingly Plaintiff is entitled to an award against Defendant of compensatory, direct and consequential damages in such amounts as established by evidence as well as pre and post judgment interest, costs and such further relief as may be just.

WHEREFORE, judgment is demanded in favor of Plaintiff, Kelvin E. Williams and against Defendant, ALLSTATE INSURANCE COMPANY for:

    a. Compensatory damages in an amount to be proven at trial;

    b. Consequential damages;

    c. Interest;

    d. Attorney fees; and

    e. Such other relief as the Court deems just equitable.

WHEREFORE, Plaintiff, Kelvin E. Williams, demands judgment against the Defendant, ALLSTATE INSURANCE COMPANY, in a sum that fully compensates the Plaintiff for its damages in excess of the lower Courts, together with the costs of disbursements of this action.

Dated: New York City, New York

April 28, 2016                           MERLIN LAW GROUP

                                                           By:     /s/ Javier Delgado
                                                                             Javier Delgado, Esquire
                                                                             New York Bar No.: 5127998
                                                                             jdelgado@merlinlawgroup.com
                                                                             Jason M. Cieri, Esquire
                                                                             New York Bar No.: 5242938
                                                                             jcieri@merlinlawgroup.com
                                                                             100 Park Avenue, 16th Floor
                                                                             New York, NY  10017
                                                                             Ph: (212) 351-5017
                                                                             Fax: (212) 880-6499